UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Levi Strauss & Co.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Papikian Enterprises, Inc., Galoust Papikian, and Does 1 through 10,<br><br>　　　　Defendants. | Case No. C10 5051 JSW<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AND VACATING TRIAL DATE** |

　　　　Good cause appearing, the Court now enters a final judgment as follows:

<u>JUDGMENT AND PERMANENT INJUNCTION</u>

　　　　A.　　Commencing within forty-five days of the "So Ordered" date of this Final Judgment and Permanent Injunction (the "Effective Date"), Papikian Enterprises, its principals, agents, employees, officers, directors, servants, privies, parents, subsidiaries, successors, and assigns (including anyone using the 501usa.com domain name) and all persons acting in concert or participating with it or under its control who receive actual notice of this Order (collectively, "Papikian"), are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

　　　　　　　　1.　　Using www.501USA.com except as a domain name, email address or logo (as described below and no more than once on each page) provided that, at the top of each page of the website, Papikian shall state: "Not authorized or sponsored by Levi Strauss & Co." and each



page includes, at the top of each web page where there is a row of hyperlinks, a link identified as "Legal Notices" or "Legal Disclaimer" that takes a user to a web page that – at the top of the page -- contains the following notice in bolded font and reads: **"501USA.COM Papikian Enterprises Co. is an independently owned and operated company. This website is not affiliated with, authorized, sponsored, or in any way endorsed by Levis & Strauss & Co."** Any other "Legal Notices" on this page shall appear below this text.

2. Using or displaying on the website or in any advertising or promotion of the website, any logos, design marks or housemarks, hang tags (or close-up photography of those marks), or any other logo consisting in whole or part of the Levi's Housemark (or batwing), Arcuate trademark, or Tab trademark. This shall not prevent Papikian from using the Levi Strauss word marks, including LEVI'S® or the 500 Series of trademarks as is reasonably necessary (a) in order to inform internet consumers of the specific style of LEVI'S® brand products that he is offering for sale, (b) to provide functional navigation of Papikian's website, or (c) in post-sales communications relating to a particular sale transaction.

3. Using any logo or other "501USA.com" identifier that consists in any part of Levi Strauss's marks except that -- once on each web page -- Papikian may use the logo and disclaimer in the form below (which also shall satisfy his duty to disclaim sponsorship or authorization from Levi Strauss & Co at the top of each page) so long as it is not materially changed:



Not authorized or sponsored by Levi Strauss & Co.



[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION - 2 -
CASE NO. C10-5051 JSW

    4. After six months from the Effective Date, using or displaying the photograph that presently appears on the home page of www.501USA.com, unless the Tab and Arcuate trademarks that appear on the handbags that are displayed on that page are electronically obscured, or if a substitute photograph is displayed, using or displaying any photograph that emphasizes, in a similar manner, the trademarks. This shall not prevent Papikian from displaying a photograph of models who are wearing LEVI's® brand products that are carried by Papikian in which the trademarks incidentally appear and are not a point of emphasis in the photograph.

    5. Using additional links that contain Levi Strauss & Co. trademarks on the www.501USA.com website beyond those that are currently in use, unless the link is necessary to forward a user to a new web page that identifies new a category of LEVI'S® brand products. In such a case, only one additional link on each page of the website may be used for each such additional web page.

    6. Claiming or identifying ownership over any trademark that consists in any part of Levi Strauss's trademarks, including, for example, that Papikian owns a trademark in the "501USA" designation, or that "501" is a registered trademark of Levi Strauss & Co.

  B. Except consistent with this provision, after the Effective Date, Papikian shall not use the URLs for www.501USA.net, www.new-levis.com, www.517jeans.com, and www.550jeans.com for any purpose. This provision shall not prevent Papikian from using these URLs solely to re-direct or "point" users to the www.501USA.com website until such time as the registrations for the URL's expire. If these URL's expire within 12 months from the Effective Date, they may be renewed for the shortest interval possible, but none of them shall be used for any purpose, including as pointers, after 24 months from the Effective Date. Except as provided here,



[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION    - 3 -
CASE NO. C10-5051 JSW

Papikian will not use or renew any of these domain names or URLs and shall not in the future register any domain names consisting in whole or in part of Levi Strauss trademarks.

   C. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof.

**The trial date of March 26, 2012 is VACATED.**

It is SO ORDERED.

DATED: March 22, 2012

                _____
                HON. JEFFREY S. WHITE
                UNITED STATES DISTRICT JUDGE

64049896 v1



[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION   - 4 -
CASE NO. C10-5051 JSW